Cofffin, Surr.
At common law, executors and other persons, acting in fiduciary capacities, could *314 only be allowed their expenses. They were neither allowed commissions, nor any thing by way of compensation (Manning v. Manning, 1 Johns. Ch. 527). Subsequently, the chancellor was authorized by law to fix such f compensation, which he did, by rale. Afterwards it was fixed by statute, and so remains to the present day. Prior to 1833, the courts, regarding it as the duty of executors and administrators to prepare and present their own accounts, refused to allow' them what they had paid to an attorney to do the work. In the latter year an act was passed directing surrogates to allow them, on each accounting, for the services of an attorney, in preparing for and attending upon the accounting, a sum not exceeding $10 per day. This so remained until the present law became operative. Section 2,526 substantially reenacts the statute of 1863, which had in view a compensation, out of the fund, to counsel employed by the executor or admistrator; and section 2,561 is intended to cover those uncontested Cases where the labors of counsel are brief and light; and where they are protracted and laborious, section 2,562 furnishes provision for a further compensation; the whole matter being left to the discretion of the surrogate.
An intelligent layman, who is an executor or administrator, may prepare his own account of proceedings and procure a judicial settlement of the same, without the aid of counsel. In such a case I do not suppose the surrogate would now, any more than formerly, have power to award him costs therefor. If he could, the office might, in the hands of an unscrupulous man, and under a yielding, amiable court, become ' one of great profit, and be much sought after.
I am of opinion that costs can only be allowed where counsel is employed, and that whether the executor or administrator is a lawyer or layman, can make no difference. I regard the rule, in this respect, as unchanged by recent enactments.